UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE:   Daquarri Tamara Coats          CASE NO: 2:13-mj-00117

### SEALED MEMORANDUM OPINION AND ORDER

The court has filed under seal today a target letter directed to the above-named individual. It is **ORDERED** that the CJA Supervising Attorney designate counsel for the targeted individual. It is further **ORDERED** that the CJA Supervising Attorney provide appointed counsel with a copy of (1) the target letter, and (2) this sealed memorandum opinion and order.

Whether a right of public access to the target letter, the affidavit, or this order derives from the common law or the First Amendment, and assuming further that these documents qualify as "judicial records" as that term is used in our court of appeals' precedent, there are compelling reasons to seal the case. Foremost, the targeted individual has not been charged with a crime. The disclosure of the targeted individual's identity at this point would be akin to the disclosure of matters occurring before the grand jury. See United States v. Sells Engineering, Inc., 463 U.S. 418, 424-25 (1983) ("'[B]y preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.' Grand jury secrecy, then, is 'as important for the protection of the innocent as for the pursuit of the guilty.'") (citations omitted); United States v. E-Gold, Ltd., 521 F.3d 411, 420 (D.C. Cir. 2008)(same). Indeed, the target letter indicates that this matter is being presented to the grand jury on **December 17, 2013.**

Additionally, the court is not privy to the details of the ongoing investigation involving the targeted individual. Depending upon the nature of that inquiry, public disclosure of the targeted individual's name might also compromise the investigation of others and possibly endanger the targeted individual, whether or not that individual ultimately chooses to cooperate in the investigation. Apart from that consideration, however, is a further justification for sealing. The sole reason that this matter is presently of record is to reflect the appointment of counsel given the targeted individual's lack of sufficient funds to hire a lawyer. If a targeted individual is not indigent, he or she would simply retain private counsel without having to seek a court appointed lawyer, and without the attendant risk of it becoming publicized that the individual has fallen under suspicion by law enforcement. Fair process suggests that similarly situated individuals should be treated alike without regard to their station in life. A sealing order achieves that end.

As required by controlling precedent, the court has considered other alternatives short of an absolute seal. Indeed, it would be the court's preference to seal only the targeted individual's identity and identifying information. Court personnel have submitted an Emergency Modification Request (EMR) that would permit the CM/ECF software to allow the sealing of a targeted individual's identity alone instead of requiring that the entire case be sealed.

The court is aware of the obligation to provide public notice of a sealing order and a reasonable opportunity to challenge the decision. See, e.g., Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). The court understands that the public may use the PACER system to generate a report of criminal cases for a

given period. If an interested person runs the report, sealed actions do not appear among the numerically sequenced cases. If, however, the interested party simply keys in a case number missing from the sequenced cases, he or she will receive a message stating "This case is SEALED." The court deems this device sufficient to provide notice to interested members of the public that a case has been sealed. Should an interested party object to continued sealing, she may then request an opportunity to be heard. Cf. Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 430 (4th Cir. 2005 ) ("We agree that members of the press and the public must ordinarily be given notice and opportunity to object to sealing of public documents. But, in the context of search warrant documents, the opportunity to object does not arise prior to the entry of a sealing order when a search warrant has not been executed. . . . Because the sealing order was made public upon the execution of the search warrant and petitioners were then given an opportunity to object to the sealing of the affidavits, the notice requirement was satisfied.").[1]

Accordingly, the court **ORDERS** the Clerk to seal this action provisionally until such time, if ever, that (1) an interested party demonstrates that continued sealing is unwarranted, or (2) the grand jury returns an indictment, or the United States Attorney files an information, naming the targeted individual.

---

[1] In Buchanan for example, the court of appeals noted that there was no right to view or object to sealing orders relating to search warrants prior to the time of their execution. The bases for that decision included the fact that pre-search publication of the matter might tip off the person subject to the warrant, resulting in the destruction or removal of evidence, or endanger law enforcement. Similar concerns arise here by analogy.

3

The Clerk is further directed to forward copies of this Sealed Memorandum Opinion and Order to the targeted individual, the CJA Supervising Attorney, and the United States Attorney's Office.

ENTER: December 16, 2013.

Dwane L. Tinsley
United States Magistrate Judge